IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DELAINE WILLIAMS, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HEALTHCARE REVENUE RECOVERY ) <br> GROUP, LLC doing business as, ARS ) <br> ACCOUNT RESOLUTION SERVICES, ) <br> ) <br>     Defendant. ) <br> ) | Case No. 17-cv-08506 <br><br> Honorable Sharon Johnson Coleman <br><br> Magistrate Judge Michael T. Mason |

**HEALTHCARE REVENUE RECOVERY GROUP, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Healthcare Revenue Recovery Group, LLC, d/b/a ARS Account Resolution Services, ("HRRG" or "Defendant"), by and through its attorneys of Gordon & Rees, LLP, respectfully submits its Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §1331.

**ANSWER:** Defendant admits that this Court has jurisdiction over this action.

2.  Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, however, Defendant does not contest venue.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

**ANSWER:** Defendant denies the allegations contained in paragraph 3 of the Complaint.

4. Specifically, Plaintiff suffered a concrete injury and harm to her reputation as a result of Defendant's sharing of false information regarding an alleged debt with a third party. *Sayles v. Advanced Recovery Systems, Inc.,* 2017 U.S. App. LEXIS 12080 *7 (5th Cir. July 6, 2017) ([Defendant's §1692e(8)] violation exposed [plaintiff] to a real risk of financial harm caused by an inaccurate credit rating); *see also, Bowse v. Portfolio Recovery Assocs., LLC,* 218 F. Supp. 3d 745, 749 (N.D. Ill. 2016) ("Unlike an incorrect zip code, the 'bare procedural violation' in Spokeo, an inaccurate credit rating creates a substantial risk of harm.").

**ANSWER:** Defendant denies the allegations contained in paragraph 4 of the Complaint.

## PARTIES

5. Plaintiff, Delaine Williams ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer medical debt allegedly owed to Sullivan Urgent Aid Centers Ltd. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and on that basis denies same.

6. Defendant, Healthcare Revenue Recovery Group, LLC, d/b/a ARS Account Resolution Services ("ARS"), is a Florida corporation that does or transacts business in Illinois. Its registered office and agent is Illinois Corporation Service Corp, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit A, Record from the Illinois Secretary of State).

**ANSWER:** Defendant admits that Healthcare Revenue Recovery Group, LLC, d/b/a ARS Account Resolution Services, is a Florida limited liability company that sometimes does or transacts business in Illinois. Defendant admits that its registered agent, Illinois Corporation Service Corp., has an address of at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

7. ARS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts.

**ANSWER:** Defendant admits that it sometimes uses the mails and telephone to collect debts. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint, and on that basis denies same.

8. ARS regularly collects or attempts to collect debts owed or due another, and is thus a "debt collector" as that term is defined at § 1692a(6) of the FDCPA.

**ANSWER:** Defendant admits that in certain circumstances it collects or attempts to collect debts owed or due to another. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint, and on that basis denies same.

## FACTUAL ALLEGATIONS

9. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal or family purposes, originally for a Sullivan Urgent Aid Center

medical debt ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and on that basis denies same.

10. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and on that basis denies same.

11. In November, 2017 ARS communicated credit information regarding the alleged debt to the Experian consumer reporting agency, including, the identity of the original creditor, and a balance. (Exhibit C, Excerpt of Plaintiff's Experian report).

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, as it is unclear what debt Plaintiff is referring to, and on that basis denies same. Answering further, Defendant denies that there is an "Exhibit C" to Plaintiff's Complaint and therefore denies any allegation that an "Exhibit C" is an excerpt of Plaintiff's Experian report.

12. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

4

**ANSWER:** Paragraph 12 sets forth a legal conclusion that does not require a specific factual admission or denial. Nevertheless, to the extent that such a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and on that basis denies same.

13. ARS reported three separate tradelines for the alleged debt to Experian, including one for $324, one for $138, and one for $85. (Ex. C, Experian).

**ANSWER:** Defendant denies that it reported three separate tradelines to Experian for a single debt owed by Plaintiff, and therefore denies the allegations contained in paragraph 13 of the Complaint. Answering further, Defendant denies that there is an "Exhibit C" to Plaintiff's Complaint, and therefore denies any allegation that an "Exhibit C" supports the allegations in paragraph 13.

14. ARS was aware of the total amount of the alleged owed to Sullivan Urgent Aid Center.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, as it is unclear what debt, if any, Plaintiff is referring to, and on that basis denies same.

15. Plaintiff is alleged to have owed only one debt to Sullivan Urgent Aid Center and ARS should have reported only one tradeline.

**ANSWER:** Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. ARS misrepresented the debt when it reported duplicative tradelines for one debt. *Rhone v. Med. Bus. Bureau, LLC,* No. 16 C 5215, 2017 WL 4875297, at *2 (N.D. Ill. Oct. 25, 2017).

**ANSWER:** Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. ARS's decision to break the debt down into multiple duplicative tradelines was arbitrary, and caused harm to Plaintiff's credit.

**ANSWER:** Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Numerous credit grantors have reviewed Plaintiff's credit report since ARS listed multiple tradelines.

**ANSWER:** Defendant denies that is listed multiple tradelines for a single debt. Defendant lacks knowledge or information sufficient to form an belief regarding the truth of the allegation that numerous credit grantor have reviewed Plaintiff's credit report, and on that basis denies same.

19. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
> **. . . (2) The false representation of—**
> **(A) the character, amount, or legal status of any debt.. .**
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed....**
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

**ANSWER:** Defendant admits that Plaintiff has cited a portion of the FDCPA, 15 U.S.C. § 1692e, but Defendant denies any liability under that statutory provision.

20. ARS made a false, deceptive and misleading representation when it falsely represented that Plaintiff had failed to pay multiple medical debts, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8) and 1692e(10), when in fact it was only collecting one alleged debt.

**ANSWER:** Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. By breaking the debt down into three separate tradelines on Plaintiff's credit report, Defendant materially lowered Plaintiff's credit score by suggesting she had failed to pay three separate debts.

**ANSWER:** Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. ARS's practice would be akin to a credit card company listing one tradeline for every single charge made on a delinquent credit card, and is deceptive as a matter of law. *Rhone,* No. 16 C 5215, 2017 WL 4875297, at *2.

**ANSWER:** Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Any negative tradeline results in a significant drop in a consumer's credit score, *see Saunders v. Branch Banking and Trust Co. of VA,* and ARS's decision to report three negative tradelines for one debt magnifies that harm. 526 F. 3d 142, 146 (4th Cir. 2008).

**ANSWER:** Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's

decision-making process, are material. *See Lox v. CDA,* 689 F.3d 818, at 827. Here, ARS's misrepresentation that Plaintiff failed to pay three separate medical debts severely damages Plaintiff's credit score and could cause Plaintiff to prioritize the payment of the alleged debt over other debts, or to use exempt funds to pay the alleged debt, such as unemployment or social security benefits. A diminished credit score makes basic life necessities much more expensive for low-income consumers, including housing and transportation.

**ANSWER:** Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Plaintiff experienced negative emotions about Defendant's false communication to Experian, including annoyance, aggravation, and other garden variety emotional distress.

**ANSWER:** Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER:** Paragraph 26 sets forth a legal conclusion that does not require a specific factual admission or denial. Nevertheless, to the extent that such a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and on that basis denies same.

### COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

**ANSWER:** Defendant re-alleges its responses to the paragraph above as though set forth fully in this count.

28. ARS made a false, deceptive and misleading representation when it falsely represented that Plaintiff had failed to pay multiple medical debts, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8) and 1692e(10), when in fact it was only collecting one alleged debt.

**ANSWER:** Defendant denies the allegations contained in paragraph 28 of the Complaint.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiffs favor and against Defendant as follows:

    A.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);
    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and
    D.    Such other or further relief as the Court deems proper.

WHEREFORE, Defendant denies any wrongdoing and/or liability, and therefore denies that Plaintiff is entitled to any relief, including the relief requested under the prayer for relief in Count I of the Complaint, subparagraphs A. through D., inclusive.

**AFFIRMATIVE DEFENSES**

Healthcare Revenue Recovery Group, LLC, d/b/a ARS Account Resolution Services, pleading in the alternative and without prejudice to the general denials in its Answer to Plaintiff's Complaint, for its Affirmative Defenses hereby states as follows:

**FIRST AFFIRMATIVE DEFENSE**

Defendant substantially complied in good faith with all applicable provisions of the Fair Debt Collection Practices Act, 16 U.S.C. § 1692 *et seq.*, and is entitled to each and every defense afforded to it by the FDCPA. Specifically, if Defendant committed any violation of the Fair Debt Collection Practices Act, which is expressly denied, it was the result of a *bona fide* error under 15 U.S.C. § 1692k(c), notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**SECOND AFFIRMATIVE DEFENSE**

Defendant asserts that Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

**THIRD AFFIRMATIVE DEFENSE**

Any recovery to Plaintiff, which Defendant denies is appropriate, should be set-off by the amount that the Plaintiff owes on the underlying account.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint and each purported cause of action alleged therein against Defendant are barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver or consent of such claims and any relief sought thereby.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because she failed to mitigate her damages. *See, e.g. Thomas v. Exxon Mobil Corp.*, No. 07-C-7131, 2009 U.S. Dist. LEXIS 11109, *11 (N.D. Ill. February 11, 2009) ("[W]here discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts.").

WHEREFORE, having answered Plaintiff's Complaint, Defendant respectfully requests that all claims be dismissed and that judgment be entered in its favor for costs, expert witness fees, attorneys' fees, and such other relief as this Court deems appropriate.

***JURY DEMAND***

Healthcare Revenue Recovery Group, LLC demands trial by a jury on all issues triable by a jury.

Dated: January 22, 2018  Respectfully submitted,

By: /s/ Christina R. Spiezia
Paul Gamboa (ARDC #6282923)
Christina R. Spiezia (ARDC #6316508)
Gordon & Rees, LLP
One North Franklin St., Suite 800
Chicago, IL 60606
Tel: (312) 565-1400
Fax: (312) 565-6511
pgamboa@grsm.com
cspiezia@grsm.com
*Attorney for Defendant
Healthcare Revenue Recovery Group, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, states that on January 22, 2018, a true and complete copy of the filed foregoing document was served upon the below attorneys by filing same electronically with the United States District Court, Northern District of Illinois, via the CM/ECF electronic filing system.

Celetha Chatman
Michael Jacob Wood
Community Lawyers Group, Ltd.
73 W. Monroe Street
Suite 502
Chicago, IL 60603
(312) 757-1880
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com
*Attorneys for Plaintiff*

Dated: January 22, 2018                              Respectfully submitted,

                                                     By: /s/ Christina R. Spiezia
                                                      Paul Gamboa (ARDC #6282923)
                                                      Christina R. Spiezia (ARDC #6316508)
                                                      Gordon & Rees, LLP
                                                      One North Franklin St., Suite 800
                                                      Chicago, IL 60606
                                                      Tel: (312) 565-1400
                                                      Fax: (312) 565-6511
                                                      pgamboa@grsm.com
                                                      cspiezia@grsm.com
                                                      *Attorney for Defendant*
                                                      *Healthcare Revenue Recovery Group, LLC*